# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| ART VAN FURNITURE, LLC, *et al.*, ) | |
| ) | Case No. 20-10553 (CSS) |
| Debtors. ) | |
| _____ ) | (Jointly Administered) |
| ALFRED T. GIULIANO, in his capacity as ) | |
| Chapter 7 Trustee of Art Van Furniture, LLC, ) | |
| *et al.*, ) | |
| ) | Adversary No. 22-50185 |
| Plaintiff, ) | |
| ) | |
| vs. ) | JURY TRIAL DEMANDED |
| ) | |
| CLASSIC CONCEPTS, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**DEFENDANT, CLASSIC CONCEPT INC.'S
ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY <u>OF
PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550</u>**

Classic Concepts, Inc. (the "Defendant"), through its undersigned counsel, files the following Answer to Complaint to Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550 (the "Complaint"), averring as follows:

## THE PARTIES

1. The Defendant is without sufficient information to admit or deny the averments in paragraph 1. To the extent a response is required, the averments in paragraph 1 are denied.

2. The Defendant is without sufficient information to admit or deny the averments in paragraph 2. To the extent a response is required, the averments in paragraph 2 are denied.

3. The averments in paragraph 3 are admitted.

## JURISDICTION AND VENUE

4.	The averments in paragraph 4 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 4 are denied.

5.	The averments in paragraph 5 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 5 are denied.

6.	Defendant submits that no response is required to the averments in paragraph 6. To the extent a response is required, the averments in paragraph 6 are denied. By way of further response, the Defendant consents to the entry of final orders or judgment by this Court if it is determined that consent of the parties is required by this Court to enter final orders or judgment consistent with Article III of the United States Constitution.

7.	The averments in paragraph 7 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 7 are denied.

## BASIS FOR RELIEF REQUESTED

8.	The averments in paragraph 8 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 8 are denied.

## FACTS

9.	The Defendant is without sufficient information to admit or deny the averments in paragraph 9. To the extent that a response is required, the averments in paragraph 9 are denied.

10.	The averments in paragraph 10 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 10 are denied.

11.	The averments in paragraph 11 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 11 are denied.

12. The Defendant is without sufficient information to admit or deny the averments in paragraph 12. To the extent that a response is required, the averments in paragraph 12 are denied.

## FIRST CLAIM FOR RELIEF
### (Avoidance of Preferential Transfers – 11 U.S.C. § 547)

13. Paragraphs 1 through 12 are incorporated herein by reference.

14. The averments in paragraph 14 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 14 are denied.

15. The averments in paragraph 15 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 15 are denied.

16. The averments in paragraph 16 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 16 are denied.

17. The averments in paragraph 17 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 17 are denied.

18. The averments in paragraph 18 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 18 are denied.

19. The averments in paragraph 19 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 19 are denied.

20. The averments in paragraph 20 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 20 are denied.

21. The averments in paragraph 21 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 21 are denied.

22. The averments in paragraph 22 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 22 are denied.

## SECOND CLAIM FOR RELIEF
### (For Recovery of Property - 11 U.S.C. § 550)

23. Paragraphs 1 through 22 are incorporated herein by reference.

24. The averments in paragraph 24 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 24 are denied.

25. The averments in paragraph 25 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 25 are denied.

## DEMAND FOR JURY TRIAL

The Defendant hereby demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Defendant requests that this case be dismissed.

## AFFIRMATIVE DEFENSES

26. Paragraphs 1 through 25 are incorporated herein by reference.

27. Plaintiff fails to state a claim upon which relief can be granted.

28. All elements of a *prima facie* case under §§ 547 and 550 are not met.

29. At all relevant times, the Debtors were solvent.

30. Assuming, without conceding, that all of the elements of a *prima facie* case under 11 U.S.C. § 547(b) can be met, any and all transfers that the Defendant received are immune from avoidance by virtue of 11 U.S.C. § 547(c).

WHEREFORE, the Defendant requests that this case be dismissed.

          Respectfully submitted,

          CAROTHERS & HAUSWIRTH LLP

Dated: October 18, 2023        By: */s/ Gregory W. Hauswirth*
          Gregory W. Hauswirth (DE Bar No. 5679)
          1007 North Orange Street, 4th Floor
          Wilmington, DE 19801
          Telephone: 302.332.7181
          Facsimile: 412.910.7510
          ghauswirth@ch-legal.com

          *and*

          Patrick W. Carothers (PA Bar No. 85721)
          Foster Plaza 10
          680 Andersen Drive, Suite 230
          Pittsburgh, PA 15220
          Telephone: 412.910.7500
          Facsimile: 412.910.7510
          pcarothers@ch-legal.com

          *Attorneys for Defendant,*
          *Classic Concepts, Inc.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| ART VAN FURNITURE, LLC, *et al.,* | ) |
| | ) Case No. 20-10553 (CSS) |
| Debtors. | ) |
| _____ | ) (Jointly Administered) |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of Art Van Furniture, LLC, *et al.,* | ) ) ) |
| | ) Adversary No. 22-50185 |
| Plaintiff, | ) |
| | ) |
| vs. | ) JURY TRIAL DEMANDED |
| | ) |
| CLASSIC CONCEPTS, INC., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon counsel of record this 18th day of October 2023, by the Court's electronic mail system and U.S. Mail, first class, postage prepaid, as follows:

Jeffrey P. Nolan, Esq.
Peter J. Keane, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899

(*Counsel to Plaintiff, Alfred T. Giuliano,
Chapter 7 Trustee for the Estates of Art Van Furniture, LLC, et al.*)

*/s/ Gregory W. Hauswirth*